# CIRCUIT COURT OF THE CITY OF NORFOLK

Homer C. Cook
and Deidre D. Cook

v.

Ebb Tide Shores Condominium
Association, Inc.,
and Linda Porter

May 10, 2013

Case No. CL12-7321

By Judge Junius P. Fulton, III

The Court has had an opportunity to consider the memoranda provided in support and opposition to the defendant's motion to dismiss and the argument of counsel heard on April 29, 2013, and will deny the defendant's motion to dismiss for the following reasons.

The Defendants' motion to dismiss alleges that the Plaintiffs have failed to join all necessary parties; therefore, their action ought to be dismissed with prejudice. Further, the Defendants allege that all mortgagees and owners of the condominiums are necessary parties.

> Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause.

*Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 49, 124 S.E. 482, 486 (1924).

Before the board allowed unit owners to fence in their area behind Building 2, the private areas behind the Building 2 units were common elements. The Plaintiffs allege that the board allowed the fences without properly amending the Condominium documents. However, including all

of the unit owners as parties is not necessary to right the wrong created by the erection of the fence. Virginia Code § 55-79.53 provides:

> The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due for damages or injunctive relief or for any other remedy available at law or in equity, maintainable by the unit owners' association . . . or, in any proper case, by one or more aggrieved unit owners on their own behalf or as a class action.

The Plaintiffs live next door to Porter's unit with the fence, and they are directly impacted not only by the aesthetic appearance of the fence but also by being cut off from accessing the beach as they are accustomed. The Plaintiffs obtaining an injunction because the Defendant did not follow the condominium instrument. This would not impact any of the other residents of the condominium as no other residents of Building 2 are alleged to have put up any fences. The other condominium owners are not necessary, though they could join in the action if they wanted. The Plaintiffs are simply trying to enforce the Condominium instrument then in effect against Porter, which one aggrieved unit owner like the Plaintiffs are authorized to do under Virginia Code § 55-79.53.

Further, even if the Court chose to grant the Defendant's motion to dismiss, the Court should not dismiss the Plaintiff's action with prejudice. Virginia Code § 8.01-5(A) states:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

Consequently, the Defendants' motion to dismiss will be denied.